UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDMOND TAUSCH, IV, | § | |
| *Plaintiff*, | § | |
| | § | C.A. NO. _____ |
| *vs.* | § | |
| | § | IN ADMIRALTY – RULE 9(h) |
| DERRICK CONSTRUCTION | § | |
| COMPANY, INC., | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT/MAGISTRATE JUDGE:**

Plaintiff, EDMOND TAUSCH, IV, files this Original Complaint complaining of Defendant DERRICK CONSTRUCTION COMPANY, INC., and for causes of action would respectfully show unto this Honorable Court as follows:

### I.
### JURISDICTION AND VENUE

1.01   This is a case of admiralty and maritime jurisdiction within the meaning of Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure.

1.02   Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as the substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Texas.

## II.
## PARTIES

2.01   Plaintiff, EDMOND TAUSCH, IV, is natural person and a resident of Texas.

2.02   Defendant DERRICK CONSTRUCTION COMPANY, INC. is, upon information and belief, a domestic corporation, organized and existing under the laws of The State of Texas. Defendant DERRICK CONSTRUCTION COMPANY, INC. may be served with process through its agent registered with the Secretary of State, Roy M. Johnson, at P.O. Box 1046, Rockport, Texas 78382, or wherever it may be found.

## III.
## FACTS

3.01   EDMOND TAUSCH, IV ("Plaintiff") is the owner and operator of the *M/Y PENSEES*, a 125 gross ton fiberglass motor yacht measuring approximately 90'(L) x 23'(W) x 6'(D).

3.02   On or about the morning of July 4, 2022, Plaintiff was operating the *M/Y PENSEES*, with approximately fifteen (15) adults and three (3) minor children onboard, inbound from sea through the Corpus Christi Ship Channel ("Ship Channel") jetties, en route to the Port Aransas City Harbor.

3.03   As the *M/Y PENSEES* cleared the jetties inbound, Plaintiff maneuvered the vessel outside of the Ship Channel near the east end of Harbor Island to permit a large, outbound tanker with assist tugs to safely pass.  As Plaintiff was operating the *M/Y PENSEES* in navigable waters of sufficient depth for the vessel's draft, suddenly and unexpectedly, the vessel began to vibrate and it was discovered the vessel's stern had struck an unmarked, submerged piling.

3.04   In attempting to maneuver away from that unmarked, submerged piling, the *M/Y PENSEES* then struck additional, unseen, submerged, and unmarked pilings/obstructions with her

starboard side, which caused the vessel to suffer a large hole below the waterline of her hull.

3.05   As a result of the allision with the unmarked, submerged obstructions/objects, the *M/Y PENSEES* rapidly took on water and began to sink.

3.06   In effort to save the *M/Y PENSEES*, and the lives of the eighteen (18) persons onboard, Plaintiff immediately maneuvered the vessel into the Port Aransas Harbor jetties, and intentionally grounded her on the south side of those jetties to prevent her from fully sinking below the surface.

3.07   Following the allision, the *M/Y PENSEES* was towed to a shipyard in Aransas Pass, Texas for inspection, survey, and repair.

3.08   Upon information and belief, Defendant DERRICK CONSTRUCTION COMPANY, INC. ("Defendant") contracted with the Port of Corpus Christi Authority to remove and/or mark submerged hazards to navigation in the navigable waters in and about the location where the subject allision occurred.

3.09   Upon information and belief, Defendant was legally responsible for removing and/or marking submerged hazards to navigation in the navigable waters in and about the location where the subject allision occurred.

3.10   Upon further information and belief, Defendant failed to remove and/or mark multiple submerged hazards to navigation located in the navigable waters in and about the location where the subject allision occurred, including the submerged, unmarked piling(s), and/or obstructions struck by the *M/Y PENSEES* on July 4, 2022.

3.11   As a direct result of the allision, Plaintiff and the *M/Y PENSEES* sustained significant damages, which continue to accrue.

3.12   Plaintiff's damages were solely caused by the negligent acts and/or omissions of

Defendant and/or others for whom Defendant is responsible.

3.13   Plaintiff's damages were in no way caused or contributed to by Plaintiff, or anyone for whose conduct Plaintiff is responsible.

## IV.
## CAUSES OF ACTION

### *Count I:  General Maritime Negligence*

4.01   Plaintiff re-alleges each and every allegation set forth in Paragraphs 3.01 – 3.13 above.

4.02   Plaintiff would show that Defendant owed a duty to Plaintiff to adhere to a reasonable standard of care, but failed to do so.  Plaintiff would further show that Defendant is liable and accountable for the allision and for Plaintiff's damages, in that same resulted from, and were caused solely and exclusively by the fault, omission, and/or otherwise negligent and wrongful conduct of Defendant; including, but not limited to one or more of the following particulars:

(a)   Failing to remove the submerged hazards to navigation existing in navigable waters and struck by the *M/Y PENSEES* on July 4, 2022;

(b)   Failing to properly mark the submerged hazards to navigation existing in navigable waters and struck by the *M/Y PENSEES* on July 4, 2022;

(c)   Failing to warn maritime traffic of the submerged obstructions which constituted a hazard and obstruction to navigation; and

(d)   Other acts so deemed negligent, particulars to be shown at trial of this cause.

4.03   Each of the foregoing acts, individually or collectively, constitute negligence, which directly and proximately caused the resulting damages sustained by Plaintiff.

4.04   Plaintiff's damages arising from Defendant's negligence were not culminated by any contributing fault of his own, but solely the incompetence, inattention, lack of care, disregard, and/or otherwise unreasonable conduct of Defendant and/or others for whom Defendant is

responsible.

### *Count II:  General Maritime Gross Negligence*

4.05   Plaintiff re-alleges each and every allegation set forth in Paragraphs 3.01 – 4.04 above.

4.06   Defendant's negligence in causing the events giving rise to this lawsuit exposed Plaintiff and the public at large to extreme hazards.  Defendant knowingly created and/or permitted those hazards.  Defendant was on notice of the hazardous and dangerous conditions relating to the hazards to navigation involved in allision forming the basis of this lawsuit.  Nevertheless, Defendant knowingly ignored the grave safety concerns and existing hazards to navigation, and left same existing and unmarked.

4.07   Defendant proceeded with knowledge or conscious indifference in not taking preventative and/or required remedial action for the safety and welfare of Plaintiff and others by failing to mark or alleviate the extreme risk to life and property posed by the known hazards to navigation which gave rise to the subject allision, and for which Defendant was responsible to remove and/or mark.

4.08   Defendant knew—or should have been aware—a high likelihood existed that an allision would occur as a result of its acts and/or omissions, yet decided to disregard same in imposing the dangerous, deplorable, and unacceptable conditions upon the rights, safety, and welfare of Plaintiff and others engaged in the operation of vessels upon the navigable waters of the United States.

4.09   Plaintiff's damages were not culminated by any contributing fault of his own, but solely due to the negligence of Defendant.

# V.
# **DAMAGES**

### *Pecuniary and Non-Pecuniary*

**A.  ACTUAL DAMAGES**

5.01   As a result of these occurrences and Defendant's negligent acts, Plaintiff incurred significant damages.  In addition to the direct damages done to the *M/Y PENSEES* by the allision and subsequent intake of water, Plaintiff incurred expenses, directly resulting from Defendant's negligent conduct, in having to refloat and remove the vessel from its grounded position on the jetties, towing the vessel to a shipyard, hauling the vessel out of the water for inspection and repairs, and for the reasonable and necessary inspection and repairs that continue to be made to the vessel.  Plaintiff seeks to recover these expenses and the value of damages to the *M/Y PENSEES* caused by Defendant's negligence.

**B.  PUNITIVE DAMAGES**

5.02   Defendant's deliberate wrongdoing amounts to gross negligence so as to show a callous disregard for the rights of others, entitling Plaintiff to punitive damages under general maritime law.

5.03   Accordingly, pursuant to Article 3, Section 2, Clause 1 of the United States Constitution, Plaintiff seeks punitive or exemplary damages in an amount not less than THREE TIMES COMPENSATORY DAMAGES.  Defendant's course of conduct justifies – and, indeed, requires – imposition of exemplary/punitive damages against it in order to punish and discourage the above-described harmful and egregious behavior in the future.

## VI.
## **INTEREST**

6.01   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## **PRAYER**

**WHEREFORE,** Plaintiff prays:

(a)   That process in due form of law according to the practice of this Honorable Court issue against Defendant, summoning Defendant to appear and answer, all and singular, the matters aforesaid;

(b)   That a judgment be entered in favor of Plaintiff, EDMOND TAUSCH, IV, in an amount of each claim to be determined, with interest and costs;

(c)   That upon final hearing, Plaintiff have judgment against Defendant named herein;

(d)   That Plaintiff be awarded pre-judgment and post-judgment interest and all costs of Court; and

(e)   That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted,

GILMAN ✤ ALLISON LLP

/s/ *Brenton J. Allison*

Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
ballison@gilmanallison.com
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 596954
Michael S. Prejean
Texas Bar No. 24092993
Federal I.D. No. 2513911
2005 Cullen Blvd.
Pearland, Texas  77581
Telephone:  (713) 224-6622
Facsimile:   (866) 543-3643

**ATTORNEYS FOR PLAINTIFF**