United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDMOND TAUSCH, IV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00235 |
| | § | |
| DERRICK CONSTRUCTION COMPANY, | § | |
| INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT
PORT OF CORPUS CHRISTI AUTHORITY'S MOTION TO DISMISS**

Pending is the Motion to Dismiss For Lack of Subject Matter Jurisdiction and Proper Notice (D.E. 31) filed by the Port of Corpus Christi Authority ("POCCA"). This case has been referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636. (D.E. 14). For the reasons set forth below, the undersigned recommends the POCCA's motion to dismiss (D.E. 31) be **GRANTED**.

**I.      BACKGROUND**

This is a maritime negligence case brought by Edmond Tausch, IV as the owner and operator of M/Y Pensees, a 90 foot motor yacht. On July 4, 2022, near the Corpus Christi Ship Channel and Port Aransas City Harbor, the M/Y Pensees struck an unmarked submerged piling. The Pensees sustained a large hole below its water line, which according to Plaintiff, resulted in a total loss to the vessel. On October 10, 2022, Plaintiff filed his original complaint against Derrick Construction Company, Inc. ("Derrick") invoking admiralty and maritime

jurisdiction within the meaning of Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure.  (D.E. 1).

Plaintiff alleges Derrick negligently failed to adequately remove the underwater obstruction as part of a project it was hired by the POCCA to complete.  On July 5, 2023, Plaintiff filed its Second Amended Complaint adding the POCCA as a defendant.  (D.E. 13). Plaintiff alleges the underwater obstruction was the remains of three abandoned docks on property owned and under the control of the POCCA.  (D.E. 34, p. 3).  Plaintiff further alleges the POCCA contracted with Derrick to remove the underwater obstruction but Derrick was unable to entirely remove it.  (D.E. 34, p. 3).  The POCCA was notified by the United States Coast Guard that the obstruction was wreckage and was required to be marked in a specific manner until removed by the POCCA.  (D.E. 34, p. 3).  Plaintiff alleges the wreckage was neither removed nor marked and resulted in the total loss of his vessel. Plaintiff alleges general maritime negligence claims.  (D.E. 13).  Plaintiff seeks recovery for damage to the vessel. There are no claims for personal injuries in this action.

Plaintiff has reached a settlement with Derrick.  (D.E. 48).  Pending is the POCCA's Motion to Dismiss For Lack of Subject Matter Jurisdiction and Proper Notice.  (D.E. 31). Plaintiff has filed a response and exhibits.  (D.E. 34, D.E. 35).  The POCCA has filed a reply. (D.E. 37).

## II.      The POCCA's MOTION TO DISMISS

The POCCA moves to dismiss all of Plaintiff's claims against it for lack of subject-matter jurisdiction, arguing that as a governmental entity, it is a political subdivision of the State of Texas and is entitled to immunity from tort causes of action under the Texas Tort Claims Act. (D.E. 31). The POCCA explains The Texas Tort Claims Act limits those situations in which a governmental unit is liable for claims of negligence to incidents arising from "the operation or use of a motor-driven vehicle or motor-driven equipment." (quoting Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(1), 101.051).  The POCCA contends that damage to Plaintiff's vessel was not proximately caused by a motor-driven vehicle in use or operation, and therefore governmental immunity has not been waived. (D.E. 31).

Plaintiff alleges this Court's jurisdiction arises from admiralty and maritime jurisdiction within the meaning of Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure.  (D.E. 34, p. 6).  Plaintiff argues admiralty jurisdiction is present in this case because Plaintiff has satisfied the "locality" and "substantial relationship" tests set forth in *Sisson v. Ruby*, 497 U.S. 358, 365-67 (1990) and its progeny.  (D.E. 34, p. 7).  Plaintiff argues the issue is not whether the POCCA is immune from Plaintiff's maritime claims, but whether the POCCA has impliedly waived its sovereign immunity.  (D.E. 34, p. 10).

> In determining a state's sovereign immunity defense, courts begin the analysis of whether the state entity has impliedly consented to a federal suit in admiralty and subject to federal jurisdiction.  Specifically, a state impliedly waives its sovereign immunity defense when it: (1) enters a field which is regulated by federal statute; and (2) Congress has created a private remedy for violation of the federal statute. *See Parden v. Terminal R. Co*., 377 U.S. 184, 192, 84 S. Ct. 1207 (1964).  In his Second Amended Complaint, Plaintiff alleges POCCA is

liable under maritime law for negligence in failing to "properly mark the submerged obstructions and hazards to navigation, failing to warn maritime traffic of the submerged obstructions which constituted a hazard and obstruction to navigation, among other negligent acts. (D.E.13, p. 6).

(D.E. 34, p. 10-11).  Plaintiff cites *Workman v. New York City*, 179 U.S. 552, 21 S. Ct. 212 (1900).

> The Court concluded that "local decisions of one or more States cannot, as a matter of authority, abrogate the maritime law," and maritime law controls. *Id.* at 563-64. The Court then turned to the issue of New York City's immunity, holding that "in the maritime law, the public nature of the service upon which a vessel is engaged at the time of the commission of a maritime tort affords no immunity from liability in a court of admiralty, where the court has jurisdiction." *Id.* at 570.

(D.E. 34. p. 12).  Plaintiff argues the instant case arises from an incident that occurred in a navigable waterway due to an underwater obstruction of which the POCCA was aware but failed to properly mark. Plaintiff further argues the regulation of submerged structures/obstructions is a matter regulated by the laws of the United States.  *See* Title 33, Part 64 of the Code of Federal Regulations, titled "Marking of Structures, Sunken Vessels and Other Obstructions," to mark any obstruction "that restricts, endangers, or interferes with navigation," in the "same manner as prescribed for sunken vessels." CFR 33, Part 64.06, 64.11(e).  Plaintiff argues the POCCA waived sovereign immunity when it entered a field regulated by federal statute, specifically Title 33.

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal for lack of subject-matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. Fed. R. Civ. P. 12(b)(1); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  If the Court lacks subject matter jurisdiction, it must dismiss the complaint.  Fed. R. Civ. P. 12(h)(3).  In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

In the instant case, the POCCA argues the allegations in the complaint are insufficient to invoke federal jurisdiction, sometimes referred to as a "facial attack."  *See Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Tex.*, 260 F. Supp. 3d 738, 754 (S.D. Tex. 2017), aff'd sub nom., 734 F. App'x 916 (5th Cir. 2018).  In a facial attack, the Court accepts well pleaded allegations set forth in the complaint as true.  *See Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 553 (5th Cir. 2010).

Once a defendant files a motion to dismiss under Rule 12(b)(1), the party invoking jurisdiction bears the burden of establishing that jurisdiction does in fact exist. *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).  The Court will grant a motion to dismiss for lack of subject-matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief.  *Ramming v. United*

*States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

### B.      Governmental or Sovereign Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State."  The Supreme Court has applied principles of sovereign immunity to mean that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) (quoting *Employees v. Missouri Dept. of Public Health and Welfare,* 411 U.S. 279, 280 (1973))

The doctrine of sovereign immunity protects the State from lawsuits and liability for monetary damages. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). Likewise, the State's political subdivisions, including municipalities and school districts, are protected by the doctrine of governmental immunity.  *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008).  Both doctrines derive from the long-standing principle that "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent."  *Id.* at 655 (quoting *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)).

Texas has provided limited consent to suit through the Texas Tort Claims Act ("TTCA"), which provides a waiver of immunity for certain suits against governmental entities.  Tex. Civ. Prac. & Rem. Code Ann. § 101.001 et seq.  The TTCA provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by
the wrongful act or omission or the negligence of an employee acting
within his scope of employment if:

    (A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven
equipment; and

    (B) the employee would be personally liable to the claimant
according to Texas law; and

(2) personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to Texas
law.

The interplay of Eleventh Amendment governmental immunity, the TTCA, and whether immunity has been waived is central to the resolution of the instant motion.

## IV.   ANALYSIS

As an initial matter, Plaintiff does not contest that the POCCA is a political subdivision of the State of Texas and did not brief that issue. The undersigned notes the party invoking jurisdiction bears the burden of establishing that jurisdiction.. Plaintiff essentially argues in his motion that the maritime nature of this action preempts the principles of sovereign immunity. However, this argument was rejected by the Fifth Circuit in *Kamani v. Port of Houston Auth.*, 702 F.2d 612, 613 (5th Cir. 1983). "Although the claim is in admiralty, the Eleventh Amendment sovereign immunity of the State of Texas and its instrumentalities stands. The state is free from a maritime tort claim absent its consent. Appellant's suit does not lie in this case unless the State of Texas has consented to the suit because the Port of Houston Authority is 'a creature of state law and a political subdivision of the State of

Texas.'" *Kamani* at 613 (citing *McCrea v. Harris County Houston Ship Channel Nav. Dist.,* 423 F.2d 605, 607 (5th Cir. 1970), *cert. denied,* 400 U.S. 927, 186 (1970)).  The Fifth Circuit followed the holding in *Kamani* in *Pillsbury Co., Inc. v. Port of Corpus Christi Auth.*, 66 F.3d 103, 104 (5th Cir. 1995) when it held "that the Corpus Christi Port, like the Houston Port, is entitled to Eleventh Amendment Immunity."

Texas courts are consistent with the Fifth Circuit in holding that governmental immunity applies in maritime cases.  *State Dep't of Highways & Pub. Transp. v. Dopyera,* 834 S.W.2d 50, 51 (Tex. 1992) (Congress did not intend for maritime law to preempt a state's sovereign immunity law in this regard); *see also Guillory v. Port of Houston Auth.*, 845 S.W.2d 812, 815 (Tex. 1993) (declining to overrule *Dopyera).*

None of Plaintiff's claims against the POCCA involve any employee of the POCCA using or operating a motor-driven vehicle or motor-driven equipment.  For an injury to "arise from" a government employee's negligent operation of a motor vehicle, so as to constitute a Texas Tort Claims Act (TTCA) exception to governmental immunity, a nexus is required between the injury negligently caused and the operation or use of a motor-driven vehicle. *City of El Paso v. Cangialosi*, 632 S.W.3d 611, 622 (Tex. App.—El Paso 2020, no pet.).  The operation or use of the vehicle must have actually caused the injury. *Id. See also City of Houston v. Gutkowski*, 532 S.W.3d 855, 862 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (To waive immunity under the Tort Claims Act the tortious act alleged must relate to the defendant's operation of the vehicle).  While a maritime vessel may be a motor-driven vehicle, the incident in question did not arise from a government employee's negligent operation of the vehicle. The damaged vessel was owned and operated by Plaintiff.  The incident did not

involve another vessel or any other motor-driven vehicle.   Therefore, the POCCA is protected by governmental immunity and Plaintiff's claims must be dismissed.

Plaintiff's argument that the POCCA has impliedly waived its sovereign immunity defense is not compelling.  Plaintiff argues "a state impliedly waives its sovereign immunity defense when it: (1) enters a field which is regulated by federal statute; and (2) Congress has created a private remedy for violation of the federal statute," citing *Parden v. Terminal R. Co.*, 377 U.S. 184, 1927 (1964).  The Supreme Court overruled *Parden* in *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 683 (1999) finding, in the context of a case involving governmental immunity, that "*Parden*-style waivers are simply unheard of in the context of *other* constitutionally protected privileges."  Further, to the extent that *Parden*-style implied waiver of sovereign immunity may still exist, Plaintiff has not addressed the second part of the test, that is whether Congress has created a private remedy for violation of the federal statute.  Plaintiff states in a footnote (D.E. 34, p. 9, n.2) that "[a]ny person found by the Secretary to be in violation of any regulation promulgated under Title 33, Part 64 shall be liable to the United States and assessed a civil penalty(ies). *See* 46 U.S.C. §70036(a)."  Being liable to the United States under the provisions of a CFR does not create a private right of action.

Based on the foregoing, the POCCA is protected from suit in this action by the doctrine of governmental immunity.  The undersigned recommends the Court lacks subject matter jurisdiction and therefore, should dismiss Plaintiff's claims against the POCCA.  Claims barred by sovereign immunity are dismissed without prejudice.  *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 620 (5th Cir. 2020).  Because it is recommended this Court lacks

jurisdiction, the undersigned did not address the POCCA's alternative argument that Plaintiff failed to provide the required notice under the TTCA. Further, the undersigned did not address the Motion to Dismiss filed by Derrick (D.E. 47) because Plaintiff's claims against Derrick have been settled.  (D.E. 48, D.E. 49).  The undersigned directed Plaintiff to file appropriate dismissal documents as to Derrick on or before November 30, 2023.  (D.E. 49).

## V.     RECOMMENDATION

The undersigned respectfully recommends the Court grant the POCCA's Motion to Dismiss for Lack of Subject Matter Jurisdiction   (D.E. 31).   The undersigned further recommends that this case be closed and final judgment be entered *after* Plaintiff files the dismissal documents as to Derrick.

Respectfully on November 7, 2023.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).