United States District Court
Southern District of Texas
**ENTERED**
January 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDMOND TAUSCH, IV, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00235 |
| § | |
| DERRICK CONSTRUCTION § | |
| COMPANY, INC., *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION IN PART, DISPOSING OF MOTIONS TO DISMISS, AND ORDERING DISCOVERY AND MEDIATION

Pending before the Court is Defendant, the Port of Corpus Christi Authority's (POCCA's) "Motion to Dismiss for Lack of Subject Matter Jurisdiction and Proper Notice" (D.E. 31). On November 7, 2023, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 50), recommending that POCCA's motion be granted and that the claims against POCCA be dismissed without prejudice because POCCA's governmental immunity deprives this Court of jurisdiction. He also recommended that final judgment issue after appropriate dismissal documents were filed regarding the claims against Defendant Derrick Construction Co., Inc. (Derrick), which had been settled. D.E. 48. Plaintiff timely filed his objections (D.E. 52), POCCA responded (D.E. 54), and Plaintiff replied (D.E. 55).

In the meantime, the parties filed "Edmond Tausch, IV's and Derrick Construction's Unopposed Joint Motion to Dismiss with Prejudice" (D.E. 51), seeking dismissal of that portion of the case as settled.  The motion is **GRANTED** and the Court **ORDERS** that Plaintiff Edmond Tausch, IV's claims and causes of action brought or which could have been brought against Defendant Derrick Construction Company, Inc. (Derrick) in connection with an alleged allision incident and alleged damages that occurred on or about July 4, 2022, whereby Edmond Tausch, IV navigated his vessel, the M/Y PENSEES, into/onto partially submerged pilings near the former Harbor Island Docks within the Port of Corpus Christi across from the Port Aransas Marina are **DISMISSED WITH PREJUDICE** to the refiling of same.

The Court now considers the objections regarding the recommended dismissal of claims against POCCA.  *See* M&R, D.E. 50; Objections, D.E. 52; Response, D.E. 54; Reply, D.E. 55.

## DISCUSSION

**A. Eleventh Amendment Immunity**

Tausch first objects to the conclusion that POCCA, as a political subdivision of the State of Texas, is entitled to Eleventh Amendment governmental immunity.  While he does not dispute POCCA's political subdivision status,[1] he argues that immunity applies only if POCCA is also an "arm of the State."  D.E. 52, pp. 5-9.  He continues in his second

---

[1] Even in his reply, Tausch appears to concede POCCA's political subdivision status, but he then argues that this judicially-admitted fact works against POCCA in the six-factor analysis.  See D.E. 55, pp. 2-3.  As set out below, the Court does not reach the six-factor analysis at this time.

objection to state that the Magistrate Judge erred in failing to engage in a six-factor *Jacintoport*[2] arm-of-the-state analysis before concluding that immunity applies. *Id*.

Nothing in Tausch's response to POCCA's motion before the Magistrate Judge raises this argument. *See* D.E. 34. And POCCA argues that it was waived. D.E. 54, p. 3 (citing *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998) (explaining *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163 (1995)); *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018)).

The Court notes that Defendant Derrick, which had a similar interest to resist POCCA's motion, did brief the argument in its response. D.E. 36. However, Tausch and Derrick settled the claims between them before the Magistrate Judge considered the motion. D.E. 48 (Notice of Settlement). Tausch did nothing to adopt or join Derrick's argument so as to bring it to the Magistrate Judge's attention prior to the Magistrate Judge issuing the M&R. Moreover, Tausch has not objected—if, indeed, he could—to the Magistrate Judge disregarding Derrick's mooted response.

The Court agrees with POCCA that the issue was waived. While the Court could dispose of the issue on this basis and does not condone Plaintiff's failure to properly raise the issue before the Magistrate Judge, the Court is compelled to allow the parties and the Magistrate Judge to fully revisit this issue in the interests of justice. The Fifth Circuit has expressly called into question prior authority granting a port authority's claim of immunity.

---

[2] *See Jacintoport v. Greater Baton Rouge Port Comm'n*, 762 F.2d 435, 440-41 (5th Cir. 1985), *cert. denied*, 474 U.S. 1057 (1986).

And it appears that the six-factor test may need to be performed anew. *See Stratta v. Roe*, 961 F.3d 340, 352 (5th Cir. 2020). The Court therefore **OVERRULES WITHOUT PREJUDICE** Plaintiff's first and second objections as waived.

Under its authority to recommit matters to the Magistrate Judge, the Court **DENIES WITHOUT PREJUDICE** that portion of POCCA's motion to dismiss (D.E. 31) claiming entitlement to Eleventh Amendment immunity. The Court **ORDERS** the parties to engage in discovery tailored to address the six-factor *Jacintoport* test and to rebrief the matter through a new motion and response, all under the direction of, and pursuant to deadlines to be set by, the Magistrate Judge.

### B. Waiver of Immunity

Tausch's third objection is that, assuming POCCA were entitled to Eleventh Amendment immunity—a matter that remains in question—that immunity is negated by the federal interest in uniformity in maritime law. D.E. 52, p. 16 (citing, generally, *Kelly v. Smith*, 485 F.2d 520, 526 (5th Cir. 1973)). More specifically, Tausch argues that it is POCCA's conduct preceding the allision at issue that waives its immunity. POCCA's immunity is allegedly impliedly waived because: (a) POCCA entered into a field regulated by federal statute (33 U.S.C. Part 64 – Marking of Structures, Sunken Vessels and Other Obstructions) by allowing a submerged hazard to navigation to remain despite notice of the need to remove it; and (b) Congress provided a civil remedy for violation of the federal statute. *See* D.E. 50, p. 9.[3]

---

[3] Tausch's objections include a lengthy treatment of general liability for allisions in navigable waters. D.E. 52, pp. 16-21. However, that analysis addresses whether state law can alter the federal treatment of admiralty claims. It does

The Magistrate Judge's analysis concluded that Tausch's authority for his implied waiver argument had been overruled with respect to any application against an Eleventh Amendment governmental immunity claim. D.E. 50, p. 9 (addressing *Parden v. Terminal Ry. of Ala. State Docks Dep't*, 377 U.S. 184 (1964), *overruled, Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 681 (1999)). Tausch no longer cites *Parden*, but relies on *Platoro, Ltd. v. Unidentified Remains of a Vessel*, 695 F.2d 893 (5th Cir. 1983) and *Workman v. New York City*, 179 U.S. 552 (1900), both of which predate *College Savings Bank* but were not expressly addressed in its opinion.

POCCA asserts that Tausch's alteration of his choice of authority still does not overcome the elimination of the implied waiver doctrine set out in *College Savings*. D.E. 54, pp. 5-6. The Court agrees. The circumstances in *Platoro* involved a state legislative resolution expressly consenting to the lawsuit after the federal case against it on the same claim had been dismissed on Eleventh Amendment grounds. 695 F.2d at 898, 901. Thus it is not an implied waiver case but an express waiver case. As such, it has no application to the analysis here.

Neither did the *Workman* case involve an implied waiver of sovereign immunity. Quite to the contrary, the relevant holding is that the municipality was not entitled to sovereign immunity at the outset:

> It results that, in the maritime law, the public nature of the service upon which a vessel is engaged at the time of the commission of a maritime tort affords no immunity from

---

not address governmental immunity under the Eleventh Amendment to the United States Constitution. And it does not contain a discernable objection.

> liability in a court of admiralty, where the court has jurisdiction. This being so, it follows that as the municipal corporation of the city of New York, *unlike a sovereign*, was subject to the jurisdiction of the court, the claimed exemption from liability asserted in the case at bar, because of the public nature of the service upon which the fire-boat was engaged— even if such claim for the purposes of the case be conceded— was without foundation in the maritime law, and therefore afforded no reason for denying redress in a court of admiralty for the wrong which the courts below both found to have been committed.

*Workman*, 179 U.S. 570 (emphasis added).

Here, *if* POCCA is entitled to sovereign immunity, it is so entitled pursuant to its state legislative status, not because of the particular business it was attending to at the time of the allision. *Workman* prevents a defendant from using a particular task to attain sovereign immunity that it does not otherwise have. Tausch cannot use that holding to argue that a defendant loses sovereign immunity that it already has on the basis of the task it performs.

In his reply, Tausch cites *AT&T Communications v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 639 (5th Cir. 2001), as supporting a waiver of immunity based on conduct within a federally-regulated activity. This case was decided after *College Savings*. However, the waiver found in *AT&T* was part of the quid-pro-quo of the federal government providing a benefit that the state accepted:

> When Congress bestows a gift or gratuity upon a state of a benefit which cannot be obtained by the state's own power, ***Congress may attach to the gratuity the condition of a voluntary waiver by the state of its Eleventh Amendment immunity***. Consequently, the LPSC voluntarily waived its state immunity when it accepted the Congressional offer of a

> gratuity that was clearly conditioned upon the LPSC's amenability to federal suits by private parties under the Act and arbitrated the interconnection dispute in the present case.

*Id*. Here, Tausch has offered no authority demonstrating such a Congressional offer of a gratuity conditioned on a waiver of Eleventh Amendment immunity.

Tausch's cases do not support his position. And Tausch has not addressed the Magistrate Judge's alternative holding that, even if implied waiver could apply, Tausch did not address one of the two requirements: whether the regulations afforded a private remedy. *See* D.E. 50, p. 9 (observing that Tausch did not address the issue and concluding that liability for a fine to the United States is not the grant of a private remedy for damages). Neither does Tausch address any objection to the observation that the argument was waived.[4] The Court **OVERRULES** the third objection and **ORDERS** that Tausch's waiver of immunity argument does not apply *in the event that* POCCA demonstrates that it is entitled to Eleventh Amendment immunity.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Tausch's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Tausch's

---

[4] Tausch summarily cites *Intracoastal Transp., Inc. v. Decatur Cnty., Ga.*, 482 F.2d 361, 366 (5th Cir. 1973). That case relies on *Parden*, finds that there is no private right of action against a sovereign state under the Commerce Clause absent express language, and is not helpful to Tausch's argument.

objections and **ADOPTS IN PART** as its own the findings and conclusions of the Magistrate Judge with respect to Tausch's argument that any immunity was waived. The Court **REJECTS IN PART WITHOUT PREJUDICE** the findings and conclusions of the Magistrate Judge with respect to POCCA's claim of Eleventh Amendment immunity. Accordingly, Defendant POCCA's motion to dismiss for lack of subject matter jurisdiction (D.E. 31) is **DENIED WITHOUT PREJUDICE**.

As set out above, the parties are **ORDERED** to engage in discovery pertinent to POCCA's claim of Eleventh Amendment immunity. The Court further **ORDERS** the parties to **MEDIATE** this action in good faith within 30 days of the date of this Order.

**ORDERED** on January 17, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE